# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY AIROSO ) <br> LEE-BRINKMAN, also known as ) <br> Ashley Airoso, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY BIRDSONG, ) <br> ) <br> Defendant, ) | Case No. CIV-23-99-RAW-GLJ |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Motion by Defendant Anthony Birdsong to dismiss or stay the proceedings pursuant to the *Colorado River*[1] doctrine. The Court has referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, in accordance with the provisions of 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 15]. For the reasons set forth below, the undersigned Magistrate Judge recommends that Defendant's Motion to Dismiss or Stay Proceedings [Docket No. 8] be DENIED.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff and Defendant met each other through the American bulldog breeding business. Plaintiff is a breeder, and Defendant began purchasing dogs from Plaintiff and/or housing them with Plaintiff, and also began investing in them, which led to disputes on

---

[1] *Colorado River Water Conservation Dist. V. United States*, 424 U.S. 800 (1976).

nearly all of these issues. The dispute appears to have culminated when Plaintiff sent a number of Defendant's dogs to him from Oklahoma to Maryland via courier, but two of the dogs died in transport.

On February 15, 2023, Defendant filed suit in Maryland State court in Carroll County against Plaintiff, as well as Wayne Airoso and Heatwave, an unincorporated general partnership. *See* Docket No. 2, Ex. 1, pp. 2-15, Case No. C-06-CV-23-000075. He alleges Maryland State law claims of: breach of contract (partnership agreement), accounting, breach of fiduciary duty, conversion, unjust enrichment, fraud, gross negligence, and negligent transport of animals. *Id.*[2] Defendant reports that Plaintiff was served March 19, 2023, but her time for filing an Answer or other response has not expired, *see* Docket No. 12, pp. 1-2, and the Court is unaware of any counterclaims on file in that case. On February 17, 2023, two days after Defendant filed the Maryland State case, Plaintiff filed a Petition in Oklahoma State Court in Carter County, Case No. CJ-23-45, against Defendant. *Id.*, Ex. 2. She asserts the following five Oklahoma State law causes of action: (i) defamation, (ii) false light invasion of privacy, (iii) unjust enrichment, (iv) dissolution of partnership, and (v) infliction of emotional distress. *Id.*, Ex. 3, pp. 1-11. Defendant removed the Oklahoma case to this Court on March 17, 2023 [Docket No. 2].

Following removal, Defendant filed a motion to dismiss or stay this case pursuant

---

[2] "The Court 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Farley v. Williams*, 2022 WL 4464374, at *1 n.2 (W.D. Okla. Sept. 26, 2022) (quoting *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001)).

to the *Colorado River* abstention doctrine. He alleges the Maryland State court proceeding is a parallel proceeding warranting deference by dismissal or a stay of the present Federal action. The undersigned Magistrate Judge recommends denial of the motion.

## I.    ANALYSIS

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Colorado River*, 424 U.S. at 817 (quotation omitted). Indeed, "federal courts [generally] have a 'virtually unflagging obligation' to 'exercise jurisdiction given them,' and therefore the pendency of an action in a state court is no bar to proceedings concerning the same matter in a federal court having jurisdiction." *Weyerhaeuser Co. v. Davis*, 2008 WL 11389376, at *1 n.3 (E.D. Okla. Apr. 1, 2008) (*quoting Colorado River*, 424 U.S. at 817-818). The Tenth Circuit instructs, "[A] federal court will not and should not shy away from contemporaneously exercising concurrent jurisdiction with a state court in the ordinary course of things." *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013)   Thus, only under exceptional circumstances do "reasons of wise judicial administration . . . weigh in favor of permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding." *Id.* (*citing Colorado River*, 424 U.S. at 818). Accordingly, "[o]nly the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819.

Since *Colorado River*, the Supreme Court has "emphasize[d] that our task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional

circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983).  This is because "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Id.,* 460 U.S. at 28.

Courts apply the *Colorado River* efficiency doctrine as a two-part test where the Court must first determine whether the state and federal proceedings are parallel. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994) (quotation omitted).  If, and only if, the Court finds the two proceedings parallel, the Court must then determine whether deference – through dismissal or a stay – is warranted under the particular circumstances of that case, *id.*, by applying an eight-factor test:

> 1. the possibility that one of the two courts has exercised jurisdiction over property
> 2. the inconvenience from litigating in the federal forum
> 3. the avoidance of piecemeal litigation
> 4. the sequence in which the courts obtained jurisdiction
> 5. the "vexatious or reactive nature" of either case
> 6. the applicability of federal law
> 7. the potential for the state-court action to provide an effective remedy for the federal plaintiff
> 8. the possibility of forum shopping.

*Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1122 (10th Cir. 2018) (*citing Fox*, 16 F.3d at 1082).  The Court may also look to "whether 'federal law provides the rule of decision on the merits,' whether the state-court proceedings adequately protect the litigants' rights, [as well as] the possibly 'vexatious or reactive nature of either the

federal or the state litigation.'" *D.A. Osguthorpe*, 705 F.3d at 1235 (*quoting Moses H. Cone*, 460 U.S. at 17 n.20, 23, 26-27).  Finally, this efficiency doctrine should contain an examination of the federal Court docket.  *Brown Truck & Equip. Sales, LLC v. Box*, 2022 WL 3686596, at *4 (N.D. Okla. Aug. 25, 2022) ("[T]he judicial-economy focus of the *Colorado River* doctrine compels a mention of the Court's current docket situation.").

**Parallel Proceedings**.  Primarily, "for suits to be parallel for purposes of invocation of the *Colorado River* doctrine, the state case must be an adequate vehicle for deciding the issue and the federal court must have 'nothing further to do in resolving any substantive part of the case.'" *Int'l Asset Mgmt., Inc. v. Holt*, 487 F. Supp. 2d 1274, 1283-1284 (N.D. Okla. 2007) (*quoting Fox,* 16 F.3d at 1081-1082).  In assessing whether state and federal cases are parallel, the Tenth Circuit states that "the better approach is to examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." *Fox*, 16 F.3d at 1081 (citations omitted) (emphasis in original).  In making this determination, the Court "does not consider how the state proceedings could have been brought in theory." *Sports Rehab Consulting LLC v. Vail Clinic, Inc.,* 2020 WL 4926114, at *6-7 (D. Colo. Aug. 21, 2020) (*citing Fox*, 16 F.3d at 1081).

"[P]roceedings are sufficiently parallel if the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues," *Sanchez v. Rushton*, 2020 WL 6544244, at *2 (D.N.M. Nov. 6, 2020) (quotation omitted), but they need not have "formal symmetry between the two actions," *id.*, to be parallel.  However, even cases arising out of the same events and having some legal issues in common may not be parallel if the legal issues are not substantially similar.  *See id*, at *7; *DataLever Corp. v. Sugg*,

2012 WL 1060017, at *3 (D. Colo. Mar. 29, 2012); *see also Grynberg v. Grey Wolf Drilling Co.*, 2008 WL 687363 (D. Colo. Mar. 11, 2008) (despite finding both cases arose from the same factual nucleus, concluding that the cases were not parallel because determination of the state court issues would not be determinative of the issues in the federal court case). This case does involve substantially similar parties because both Plaintiff and Defendant are named (as Defendant and Plaintiff, respectively) in the Maryland State case, along with other named Defendants in the State case.  Thus, the State case accounts for all the parties in this Federal case.

In contrast, both cases do not involve substantially the same claims.  The undersigned Magistrate Judge first notes that both parties make arguments related to what *could* happen in the State case, such as the addition of new parties, potential counterclaims in either case, questions of personal jurisdiction, or removal to Maryland Federal Court. As stated above, however, the Court's task is to assess the cases *as they actually exist*.  *See Sports Rehab*, 2020 WL 4926114, at *6-7 (*citing Fox*, 16 F.3d at 1081); *BNSF Ry. Co. v. Brown*, 250 F.R.D. 544, 547 (D. Kan. 2008) ("[U]nder Tenth Circuit precedent, the court decides whether these causes of action are parallel based on how these cases actually exist, not how they theoretically could have proceeded.").  Defendant contends that the cases involve substantially similar claims because the claims in both the State and Federal Cases all arise from the management of the dog breeding partnership.  Plaintiff contends, however, that they are not parallel because she requests dissolution of the partnership in the Federal case, relief that is not requested in the State case.  Plaintiff asserts it is not likely, or even clear, that a Maryland State Court would have an interest in or ability to

dissolve an Oklahoma partnership. The undesigned Magistrate Judge agrees that the dissolution of the partnership is not clearly covered by the State case. Additionally, the undersigned Magistrate Judge notes that while the unjust enrichment claims are mirrored in the State and Federal cases, several of Plaintiff's tort claims against Defendant in this case, *i.e.*, defamation, false light invasion of privacy, and infliction of emotional distress, are *not* mirrored in the State case. These claims involve completely different legal bases, despite the fact they arise from the same nucleus of facts as the claims in the Maryland State case. Accordingly, the cases are not parallel, as a stay or dismissal would not leave the Court with "nothing further to do in resolving any substantive part of the case[.]" *Moses H. Cone*, 460 U.S. at 28; *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (holding that a federal court may only enter a stay under Colorado River if it has "full confidence" that the state litigation will end the parties' dispute). *See, e.g.*, *Archipley on behalf of Thomas E. Archipley GST Tr. Agreement v. Telluride Council for Arts & Humans.*, 2022 WL 16635394, at *4 (D. Colo. Nov. 2, 2022) ("While it is true that the issue being litigated in the State Court Action—namely, whether the PUD amendment approval removing the requirement that the Warehouse ultimately have an enclosed roof will be upheld—is relevant to the Federal Court Action, it is also just as true that the disposition of the State Court Action will in no way terminate the parties' dispute over the private nuisance claim."); *Quest Sol., Inc. v. Redlpr, LLC*, 2020 WL 10897229, at *3 (D. Utah Oct. 13, 2020) ("[T]he Federal Action's state law claims for trade secret misappropriation, unfair competition and, through amendment, breach of contract are not mirrored in the State Action. As a result, while the State and Federal actions arguably

involve similar parties and factual underpinnings, the legal issues are not parallel."); *Green v. City of Norman*, 2018 WL 6709476, at *2 (W.D. Okla. Dec. 20, 2018) ("This case concerns Plaintiff's federal claim that his termination violated the ADEA[.] The state court case concerns a claim that Plaintiff was wrongfully discharged in violation of the collective bargaining agreement[;] the two cases do not involve the same claims or substantive issues. . . . [W]hile there may be some overlap between Plaintiff's state and federal cases based on his termination, the Court finds that Defendant has failed to show the existence of parallel actions to which the *Colorado River* doctrine applies."); *DataLever Corp.*, 2012 WL 1060017, at *3 (Where the State lawsuit was one for breach of contract and the Federal lawsuit involved multiple tort claim, cases were not "substantially similar" because resolution of State lawsuit would not resolve claims in Federal lawsuit.).

As currently postured, while resolution of the claims in the Maryland State court action could potentially narrow the scope of this Federal Court action, it is not clear that the State case will "effectively dispose of" all Plaintiff's claims in this case. *See Gerbino v. Sprint Nextel Corp.*, 2013 WL 2405558, at *5 (D. Kan. May 31, 2013). The State and Federal actions arguably involve similar parties and factual underpinnings, but the legal issues are not parallel. Because the two cases are not parallel, the *Colorado River* doctrine does not apply and the undersigned Magistrate Judge need not address whether the factors weigh in favor of dismissal or a stay. *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) ("[A] finding of parallel proceedings is a threshold condition for engaging in the *Colorado River* analysis."). Furthermore, the undersigned Magistrate Judge finds that the exercise of jurisdiction is appropriate. *Allen v. Bd. of Educ., Unified*

*Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) ("If the district court determines the cases are not parallel, it should proceed.").

## II. CONCLUSION

Based on the above findings, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant's Motion to Dismiss or Stay Proceedings [Docket No. 8] should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 5th day of May, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**