IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ASHLEY AIROSO LEE-BRINKMAN,** also known as Ashely Airoso, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-23-099-RAW-GLJ |
| **ANTHONY BIRDSONG,** | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the court is the objection of the defendant to the Report and Recommendation of the United States Magistrate Judge. Plaintiff commenced this action in Carter County in Oklahoma state court. Defendant removed the action to this court based on diversity of citizenship. Defendant then filed a motion to dismiss or stay proceedings (#8). After the motion was referred to Magistrate Judge Jackson (#15), he issued a Report and Recommendation (#16). He recommended the motion be denied.

Defendant having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended disposition. *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P. Plaintiff has

not filed a response to the objection.

Defendant seeks dismissal or stay pursuant to *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976) because of a first-filed action in Maryland state court. The Supreme Court has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. *See Graff v. Aberdeen Enterprizes,* 65 F.4th 500, 522 (10th Cir.2023)(citations omitted). Rather, federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. *Id.* Nevertheless, in exceptional circumstances, comity or abstention doctrines may permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation. *Id.*

The thorough Report and Recommendation demonstrates that the case at bar does not present such exceptional circumstances. Indeed, the Magistrate Judge found that the motion failed at the first step of the *Colorado River* test (i.e., whether the state and federal proceedings are "parallel."). He concluded: "Because the two cases are not parallel, the *Colorado River* doctrine does not apply and the undersigned Magistrate Judge need not address whether the factors weigh in favor of dismissal or a stay." (#16 at 8). The undersigned agrees.

It is the order of the court that the objection of the defendant (#19) is hereby denied. The Report and Recommendation (#16) is affirmed and adopted as the order of the court. The motion of the defendant to dismiss or stay (#8) is denied.

**IT IS SO ORDERED** this 30th day of AUGUST, 2023.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**